**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**DONALD GARRY,**

                                                    **Plaintiff,**

        **vs.**                                                                    **9:21-CV-172**
                                                                                        **(MAD/MJK)**

**JOHN MCPHILLIPS,**

                                                    **Defendant.**

_____

**APPEARANCES:**                                    **OF COUNSEL:**

**DONALD GARRY**
Schenectady County Jail
320 Veeder Avenue
Schenectady, New York 12307
_Pro se_ Plaintiff

**PHELAN, PHELAN & DANEK, LLP**                    **TIMOTHY TRIPP, ESQ.**
300 Great Oaks Blvd., Suite 315
Albany, New York 12203
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

        Plaintiff filed a _pro se_ complaint on February 12, 2021, alleging that Defendants "Dr.

McPhillips," the Schenectady County Sheriff, and Schenectady County violated Plaintiff's Eighth

and Fourteenth Amendment rights.  _See_ Dkt. No. 1.  Plaintiff claims that he was involved in a

motor vehicle accident for which he was accused of driving while intoxicated.  _See id._ at ¶ 13.

Plaintiff sustained numerous injuries and was first transported to "Albany County Medical

Center" and then to Schenectady County Jail.  _Id._ at ¶¶ 15-16.  He alleges that while he was

housed at Schenectady County Jail, he was denied proper medical care by Dr. McPhillips.  _See id._

1

at ¶¶ 17, 19.  The Court reviewed Plaintiff's complaint for sufficiency pursuant to 28 U.S.C. §§ 1915A, 1915(e).  *See* Dkt. No. 8.  The Court permitted Plaintiff's Fourteenth Amendment medical indifference and state law negligence claims against Dr. McPhillips to proceed and dismissed the remainder of Plaintiff's complaint.  *See id.*  John McPhillips, M.D., answered the complaint on September 7, 2021.  *See* Dkt. No. 19.

Between April 27, 2022, and April 10, 2024, Plaintiff filed four notices of change of address.  *See* Dkt. No. 23, 41, 59, 73.  On November 13, 2023, Defendant McPhillips filed a motion for summary judgment.  *See* Dkt. No. 63.  Plaintiff requested three extensions of time to respond, all of which Magistrate Judge Mitchell J. Katz granted.  *See* Dkt. Nos. 67, 68, 71, 72, 75, 76.  His grant of the third extension request set Plaintiff's new response deadline as May 21, 2024.  *See* Dkt. No. 76.  On May 20, 2024, Plaintiff submitted a fourth extension request.  *See* Dkt. No. 77.  Magistrate Judge Katz denied the request and deemed Defendant's motion ready for decision.  *See* Dkt. No. 78.

On August 7, 2024, Magistrate Judge Katz issued an Order and Report-Recommendation recommending that Defendant's motion for summary judgment be granted and that Plaintiff's Fourteenth Amendment claim be dismissed with prejudice and his state law negligence claim be dismissed without prejudice to filing in state court.  *See* Dkt. No. 79.  Plaintiff did not file any objections to the Order and Report-Recommendation.  Rather, on August 19, 2024, the Order and Report-Recommendation was returned as undeliverable.  *See* Dkt. No. 80.  The returned envelope indicates that Plaintiff was released from his previous address, Schenectady County Jail, on June 10, 2024.[1]  *See id.*  Plaintiff last communicated with the Court on May 20, 2024.  *See* Dkt. No. 77.

---

[1] The Local Rules require Plaintiff to notify the Court of a change of address within fourteen days of a change.  *See* N.D.N.Y. L.R. 41.1(b).

On August 21, 2024, Defendant filed objections, arguing that the Court should exercise supplemental jurisdiction over Plaintiff's state law negligence claim and dismiss the claim on the merits. *See* Dkt. No. 81. Defendant does not otherwise object to Magistrate Judge Katz' Order and Report-Recommendation. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012) (quotation and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

There are no objections to the factual background or legal framework underlying Defendant's motion, and the Court finds no clear error in those portions of the Order and Report-Recommendation. The Court, therefore, adopts the information and assumes the parties' familiarity with the same. *See* Dkt. No. 79 at 4-14.

Likewise, neither party objects to Magistrate Judge Katz' conclusions related to Plaintiff's Fourteenth Amendment medical indifference claim; therefore, the Court reviews that portion of the Order and Report-Recommendation for clear error. Magistrate Judge Katz concluded that

Plaintiff failed to raise a genuine dispute of fact as to either the objective or subjective prongs of his deliberate indifference claim. These conclusions are free from clear error. Magistrate Judge Katz thoroughly recited the undisputed documentary evidence as well as Plaintiff's own testimony, which support the conclusion that Plaintiff suffered only headaches, lacerations, and soreness, and that Defendant McPhillips acted in a reasonable manner in response to Plaintiff's complaints of pain, including pain associated with a rib injury. *See* Dkt. No. 79 at 15-23; *see also Boykins v. Lopez*, No. 21-CV-2831, 2022 WL 2307684, *9 (S.D.N.Y. June 27, 2022) ("'[D]istrict courts in the Second Circuit have consistently held that bruises, lacerations, cuts, black eyes, and other superficial injuries are not sufficiently serious to support a deliberate indifference claim'") (quotation omitted) (collecting cases); *Dzwonczyk v. Syracuse City Police Dep't*, 710 F. Supp. 2d 248, 268 (N.D.N.Y. 2008) ("Plaintiff's allegation of a bruised rib does not satisfy the requirement of a sufficiently serious deprivation"); *Zulu v. Wells*, No. 9:20-CV-312, 2022 WL 3092194, *3 (N.D.N.Y. May 13, 2022) ("'[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment . . . are not adequate grounds for a Section 1983 claim'") (quoting *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001)).

As to Plaintiff's state law negligence claim, Magistrate Judge Katz determined that the Court should decline supplemental jurisdiction over the claim and dismiss it without prejudice to filing in state court. *See* Dkt. No. 79 at 23-24. Defendant argues that the Court should exercise supplemental jurisdiction over the state law claim because the factual background underlying the Fourteenth Amendment and state law claims are the same. *See* Dkt. No. 81 at 3. The Second Circuit has "repeatedly said that if a plaintiff's federal claims are dismissed before trial, the state law claims should be dismissed as well." *Oneida Indian Nation of New York v. Madison Cnty.*,

665 F.3d 408, 437 (2d Cir. 2011) (quoting *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010)) (additional quotation and quotation marks omitted).  Nevertheless, "'once it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory.'"  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998)).  The court "*may* decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3) (emphasis added).

The Court understands and appreciates Magistrate Judge Katz' conclusion on this issue, but finds that the most prudent course of action is to exercise supplemental jurisdiction over Plaintiff's state law negligence claim given the common nucleus facts and judicial economy.  *See Dellefave v. Access Temporaries, Inc.*, 37 Fed. Appx. 23, 26 (2d Cir. 2002) ("Even if DelleFave had withdrawn the federal claims, however, the District Court would not have abused its discretion in retaining jurisdiction over the state law claims.  It is clear that DelleFave's state law claims 'form[ed] part of the same case or controversy' as his federal claims, as all of the claims arose out of the same facts. . . .  The claims did not involve any novel or unsettled questions of state law, . . . and judicial economy favored the exercise of supplemental jurisdiction") (citations omitted); *Eng v. City of New York*, 715 Fed. Appx. 49, 53 (2d Cir. 2017) (concluding that the district court did not abuse its discretion in exercising supplemental jurisdiction over employee's state law claims where the state law claims "all arise out of the same common nucleus of operative facts" as the federal claims).

In Plaintiff's complaint, he lists claims for "negligence" and "malpractice." Dkt. No. 1 at 5. In the Court's initial review, it liberally construed Plaintiff's complaint as raising a negligence claim. *See* Dkt. No. 8 at 14. "In New York, a negligent act or omission 'that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes malpractice.'" *Cox v. Lescano*, No. 20-CV-7381, 2022 WL 2048106, *10 (S.D.N.Y. June 7, 2022) (quoting *B.F. v. Reprod. Med. Assocs. of New York, LLP*, 136 A.D.3d 73, 80 (1st Dep't 2015); citing *Scott v. Uljanov*, 74 N.Y.2d 673, 674 (1989) ("[M]edical malpractice is simply a form of negligence, [and] no rigid analytical line separates the two")). "'In determining whether an action sounds in medical malpractice or simple negligence, the critical question is the nature of the duty to the plaintiff which the defendant is alleged to have breached . . . When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence.'" *Carroll v. United States*, No. 1:19-CV-1230, 2023 WL 3981420, *5 (N.D.N.Y. June 13, 2023) (quoting *LaRusso v. St. George's Univ. Sch. of Med.*, 936 F. Supp. 2d 288, 304 (S.D.N.Y. 2013)). "'[W]hen the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but rather a [provider's] failure to fulfill a different duty, the claim sounds in negligence.'" *Id.* (quoting *Dispenzieri v. Hillside Psychiatric Hosp.*, 283 A.D.2d 389, 389 (2d Dep't 2001)).

"Simple negligence principles apply to those cases where the alleged negligent act may be readily determined by the trier of fact based on common knowledge." *Id.* (citation omitted). "To prevail on a claim of negligence under New York law, a plaintiff must prove the following: (1) the defendant had a duty to the plaintiff to use reasonable care; (2) breach of that duty by the defendant; and (3) injury to the plaintiff." *Id.* (citing *Ben v. United States*, 160 F. Supp. 3d 460, 477 (N.D.N.Y. 2016)).

"'Under New York law, the requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage.'" *Brown v. Cnty. of Jefferson*, No. 9:20-CV-1192, 2021 WL 2941919, *3 (N.D.N.Y. June 11, 2021) (quoting *Melvin v. Cnty. of Westchester*, No. 14-CV-2995, 2016 WL 1254394, *19 (S.D.N.Y. Mar. 29, 2016)).  "If a defendant accused of medical malpractice demonstrates that he 'did not depart from good and accepted medical practice or that any departure did not proximately cause plaintiff's injuries' than he is *prima facie* entitled to summary judgment." *Redd v. Garell*, No. 18-CV-09436, 2023 WL 2712373, *12 (S.D.N.Y. Mar. 30, 2023) (quotation omitted).  "To overcome this *prima facie* entitlement to summary judgment, Plaintiff must present 'expert testimony that there was a deviation from accepted standards of medical care and that such deviation was the proximate cause of the injury.'" *Id.* (quoting *Moore v. Shahine*, No. 21-711, 2022 WL 2118945, *1 (2d Cir. June 13, 2022)).

Plaintiff has not presented any evidence that Defendant breached a duty of reasonable care or deviated from accepted practice.  Defendant presented an expert's affidavit which concludes that Defendant's care "complies with the applicable standards of care and did not cause or contribute to the alleged injury."  Dkt. No. 63-3 at ¶ 62.  As Plaintiff has not produced any evidence to rebut Defendant's proof, summary judgment in Defendant's favor is appropriate.  *See Blanford v. Banks*, No. 9:21-CV-231, 2023 WL 11016348, *14 (N.D.N.Y. Aug. 28, 2023) ("[P]laintiff has not presented expert evidence to raise a dispute of material fact as to whether Nurse DeRocco's actions constitute medical malpractice"); *Urena v. Wolfson*, No. 09-CV-01107, 2012 WL 958529, *7 (E.D.N.Y. 2012) (granting summary judgment on medical malpractice claim where defendant proffered affidavit of a board-certified doctor opining that the defendant provided treatment within accepted standards and the plaintiff failed to submit any expert medical

evidence); *Carroll*, 2023 WL 3981420, at *7 ("[T]he Court recognizes that Plaintiff is appearing *pro se*, but that does not excuse his failure to obtain expert medical testimony to support his claim under the circumstances.  Absent such evidence, Plaintiff cannot establish a *prima facie* case of medical malpractice, and Defendant is entitled to summary judgment").

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Katz' Order and Report-Recommendation (Dkt. No. 79) is **ADOPTED in part and MODIFIED in part**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 63) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED in its entirety with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2024
        Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**

8